# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | | |
|---|---|---|
| CHISHOLM KEVIN LEE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CV408-094 |
| | ) | |
| J. WILLIAMS, | ) | |
| | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

Petitioner, an inmate at Coastal State Prison in Savannah, Georgia, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1.) Because it "plainly appears from the petition . . . that the petitioner is not entitled to relief in the district court," it is recommended that the case be summarily dismissed pursuant to Rule 4, Rules Governing Section 2254 Cases.

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") amended 28 U.S.C. § 2244 to include a one-year statute of limitations for habeas corpus petitions filed by state prisoners. 28 U.S.C. § 2244(d)(1). The limitation period runs from "the date on which the

[state] judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A); Coates v. Byrd, 211 F.3d 1225, 1226 (11th Cir. 2000). On March 4, 1999, the petitioner was convicted of aggravated assault, burglary, and rape in the Chatham County Superior Court. (Doc. 1 at 2.) He did not appeal the conviction. (Id. at 2.) Consequently, under 28 U.S.C. § 2244(d), his one-year limitations period for filing a §2254 petition began to run on April 5, 1999,[1] when the thirty-day period for filing a notice of appeal with the Georgia Court of Appeals expired. See O.C.G.A. § 5-6-38. Over nine years have passed since petitioner's conviction became final, and he never applied for state habeas relief, which might have tolled the limitations period. (Doc.1 at 3.) Accordingly, the present federal petition is time-barred under § 2244.

Federal district courts are empowered pursuant to Rule 4 to raise the AEDPA's statute of limitation sua sponte and dismiss those actions that are time-barred. Jackson v. Sec'y for Dept. of Corr., 292 F.3d 1347, 1349 (11th Cir. 2002). As the instant petition challenging petitioner's 1999 Chatham

---

[1] The thirtieth day after the conviction fell on Saturday April 3, 1999. Accordingly, petitioner had until Monday, April 5 to file his notice of appeal.

County conviction is untimely by many years, it should be **DISMISSED**.[2]

**SO REPORTED AND RECOMMENDED** this 20th day of May, 2008.

*/s/ J.F. Smitt*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[2] In addition, under 28 U.S.C. § 2254(b)(1)(A), "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State." See O'Sullivan v. Boerckel, 526 U.S. 838, 839 (1999) ("Federal habeas relief is available to state prisoners only after they have exhausted their claims in state court."). A state prisoner is required to allow the state court an opportunity to correct a constitutional error "by invoking one complete round of the State's established appellate review process" before a federal court may consider the case. Id. at 845. Here, petitioner concedes that he has not yet petitioned the state for a writ of habeas corpus. (Doc. 1 at 2.) By his own admission, he has not yet given the state the opportunity to meaningfully analyze his claims.

Furthermore, petitioner does not allege that any constitutional error occurred. He merely seeks to have his sentence reduced for his good behavior in prison. (Id. at 7.) Accordingly, this petition is also subject to dismissal for lack of exhaustion and for failure to state a claim.